# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **S.P. and D.C.-1**

**No. 16-0652** (Mercer County 14-JA-130-D3 & 14-JA-131-D3)

**FILED**

**April 10, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father D.C.-2, by counsel P. Michael Magann, appeals the Circuit Court of Mercer County's May 11, 2016, order terminating his parental, custodial, and guardianship rights to S.P. and D.C.-1.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Rockwell Seay, filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioner argues that the circuit court erred in failing to extend his improvement period or impose a less-restrictive dispositional alternative before terminating his parental, custodial, and guardianship rights.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2014, the DHHR filed an abuse and neglect petition against the parents. Petitioner is the biological father of D.C.-1 and the step-father of S.P. According to the petition, the DHHR received a referral in July of 2014 that alleged the parents arrived at a local hospital

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because one of the children and petitioner share the same initials, we will refer to them as D.C.-1 and D.C.-2 throughout this memorandum decision.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective on May 20, 2015. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below. It is important to note, however, that the abuse and neglect statutes underwent minor stylistic revisions and the applicable changes have no impact on the Court's decision herein.

1

where petitioner complained of trouble breathing. According to the DHHR, petitioner was visibly intoxicated, slurred his words, and was unable to maintain his balance or comprehend what the staff was saying to him. The mother was also described as stumbling and generally displaying signs of intoxication. The mother admitted to having one beer while drinking with petitioner and indicated that the parents engaged in domestic violence when drinking. Thereafter, petitioner became irate and aggressive toward the mother in the hospital. Accordingly, the DHHR implemented a protection plan to which both parents agreed. In August of 2014, a provider arrived at the home to conduct parenting services but found the parents arguing and observed them to be under the influence. Petitioner denied drinking and expressed no desire to change his habits. The mother told the provider about domestic violence in the home, in addition to her mental health issues and suicidal ideations. In September of 2014, the provider returned to the home to find the parents under the influence in the children's presence. Additionally, the maternal grandmother, who resided in the home, told the provider about ongoing domestic violence in the home as well as a vertical cut on the mother's wrist. At this point, the DHHR took emergency custody of the children. As such, the petition alleged issues of domestic violence and substance abuse in the home.

In October of 2014, the circuit court held an adjudicatory hearing, during which petitioner stipulated to domestic violence and substance abuse. The circuit court thereafter granted him a post-adjudicatory improvement period. From January of 2015 until April of 2015, the parents wore alcohol monitoring units and reportedly did well while subject to monitoring. In fact, the children were returned to the parents' custody during this time.

In June of 2015, petitioner was arrested following two separate calls about possible domestic violence and public intoxication. Upon arriving at the scene, a police officer observed petitioner attempting to leave the residence. The officer detained petitioner and noted that petitioner was highly intoxicated. According to the officer, a family member told him that petitioner choked the mother. The mother corroborated this and the officer observed redness on her neck, although she declined to give a formal statement or cooperate in petitioner's prosecution. The parents later denied domestic violence occurred during this incident, and the circuit court subsequently removed the children from the home again. At a later multidisciplinary team ("MDT") meeting, both parents continued to deny that the incident involved domestic violence and minimized their substance abuse before leaving the meeting early. Although petitioner was eventually charged criminally with domestic battery, the parents later stated that the incident stemmed from an issue with the mother's mental health that required petitioner to restrain her from running into traffic. In July of 2015, the circuit court granted the parents improvement periods as disposition.

In December of 2015, the circuit court held a dispositional hearing during which it heard testimony from several service providers. Although the circuit court found that there was sufficient evidence to terminate the parents' parental rights at that time, it instead granted the parents additional time to comply with services. Specifically, the circuit court directed petitioner to avail himself of the services recommended by a substance abuse counselor, which included mental health intervention, completion of a batterer's intervention program, and services to address his substance abuse, among other recommendations.

In March of 2016, the circuit court held a second dispositional hearing, during which petitioner admitted that he did not complete the batterer's intervention program and missed additional drug screens. Specifically, petitioner missed the last three classes of the program and twelve drug screens. Petitioner also admitted to consuming alcohol since the prior dispositional hearing. Further, petitioner admitted that he had not completed any substance abuse treatment because he was unaware he needed such counseling. Again, the circuit court deferred ruling on disposition and scheduled a hearing for April 22, 2016. At the final hearing in April of 2016, the circuit court ultimately terminated petitioner's parental, custodial, and guardianship rights.[3] It is from the resulting order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion for an extension to his improvement period or in its termination of his parental, custodial, and guardianship rights.

According to petitioner, he was mostly compliant with services and exhibited a strong bond with his children. As such, he argues that the circuit court erred in failing to extend his improvement period or impose a less-restrictive dispositional alternative. We do not agree. According to West Virginia Code § 49-4-610(6), a circuit court may extend an improvement period when, among other factors, "the court finds that the [parent] has substantially complied with the terms of the improvement period . . . ." The record on appeal shows that petitioner failed to substantially comply with the terms of his improvement period. Specifically, petitioner admitted that he failed to complete the batterer's intervention program and missed twelve drug screens during his improvement period. Moreover, petitioner admitted that he took no steps to address his substance abuse issues that persisted throughout the proceedings. This is in spite of the circuit court having previously declined to terminate his parental, custodial, and guardianship rights at an earlier dispositional hearing so that petitioner would have additional time to comply

---

[3]The parental rights of all parents to all children were terminated below. According to both the guardian and the DHHR, as of the filing of their response briefs the permanency plan for the children is adoption into the foster home they have resided in since June of 2015.

with these very services. As such, it is clear that petitioner failed to substantially comply with the terms of his improvement period, and the circuit court did not abuse its discretion in denying petitioner an extension of the same.

Similarly, the circuit court did not err in terminating petitioner's parental, custodial, and guardianship rights. Again, petitioner's sole argument is that he mostly complied with services and established a strong bond with the children. However, as outlined above, petitioner failed to complete the services offered despite the circuit court granting him an improvement period as disposition in order to show compliance with these specific services. According to West Virginia Code § 49-4-604(c)(3), a circumstance in which there is no reasonable likelihood the conditions of abuse and neglect includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child;

Petitioner failed to comply with the terms and conditions of his improvement period, as evidenced by his failure to complete the batterer's intervention program or comply with drug testing as ordered. Further, the circuit court heard testimony about difficulties in formulating a new family case plan following petitioner's arrest for domestic battery because petitioner refused to acknowledge his role in that incident. As such, it is clear that the circuit court was presented with sufficient evidence upon which to find that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse or neglect. Moreover, the circuit court also found that reunification with petitioner was not in the children's best interests. Pursuant to West Virginia Code § 49-4-604(a)(6), circuit courts are directed to terminate parental, custodial, and guardianship rights upon these findings.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 11, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**:  April 10, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4